[Civ. No. 38518. First Dist., Div. Two. Oct. 26, 1976.]

LYNNE WINTERS, Plaintiff and Appellant, v.
UNEMPLOYMENT INSURANCE APPEALS
BOARD et al., Defendants and Respondents.

**COUNSEL**

Van Bourg, Allen, Weinberg, Williams & Roger, Stewart Weinberg, Bari Stolmack, Michael Roger and David Rosenfeld for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Charlene Grogan-Beall and Eleanor Nisperos, Deputy Attorneys General, for Defendants and Respondents.

OPINION

BRAY, J.*—Plaintiff and appellant appeals from a judgment of the San Francisco Superior Court denying her petition for a writ of mandate.

ISSUES PRESENTED

1) The respondents did not wrongly deny the appellant benefits.

2) The evidence supports the findings of fact.

RECORD

Appellant is and for the past five years has been employed by the San Rafael City Schools as a classified employee, an instructional aide. She ceased work on or about June 13, 1974, at the close of the academic year.

The permanent classified staff is employed during the regular academic year and is not required to render service during school holidays and recess periods. Education Code section 13580.5 provides that classified employees are deemed employed for 12 months a year despite the fact that such employees are required to render service for only part of the year. A regulation of the school district states that members of the classified staff shall receive prior to July 1 each year a notice stating the particulars of their assignment for the impending academic year. In 1974, the school district did not mail the notices until sometime in August. Appellant contends that the school district's failure to mail such notices prior to July 1 established that she was unemployed and "not scheduled to return to work" and that therefore she is entitled to receive unemployment insurance benefits pursuant to Unemployment Insurance Code section 1253.4.

On or about June 30, 1974, appellant applied to the Employment Development Department for unemployment benefits. On July 24, 1974, the department issued a determination which denied appellant any benefits. Thereupon, appellant filed an appeal with the Unemployment Insurance Appeals Board. The appeal was denied. Thereupon, appellant filed in the Marin County Superior Court a petition for a writ of mandate directing respondents to award appellant unemployment insurance

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

benefits for the period June 30, 1974, to September 6, 1974. After a hearing the court denied the petition for writ of mandate.

1) *The evidence supports the findings of fact.*

It is the position of appellant that because of the failure of the district to send her notice of classification and employment before July 1, 1974, she was not "scheduled to return to work" at the time she filed for unemployment benefits commencing in July 1974 and therefore was entitled to receive unemployment benefits under the provisions of section 1253.4 of the Unemployment Insurance Code.

Appellant takes the position that she was merely employed for a 10 months' period, although paid for 12 months, and therefore was out of work between June 30 and September 6.

Appellant does not deny that she was a permanent classified employee of the school district under the terms of section 13580.1 of the Education Code. Section 13850.5 of that code provides: "For the purposes of this section every classified employee shall be deemed to be employed for 12 months during each school year regardless of the number of months in which he is normally in paid status."

Appellant contends that because Mr. Caneen testified before the referee that receipt of checks during the two months that she does not work "were allocated to the period when the services were performed," appellant was not employed for a full year. This contention is erroneous in view of the provisions of section 13580.5. Appellant was actually hired for the year although only required to work for 10 months of that year.

In the trial court's memorandum of decision appears the following: "In the opinion of the Court, the section just referred to, namely, Section 1253.4, indicates a determination by the legislature that Unemployment Insurance Benefits are not to be paid to permanent classified employees in the school departments during school recess periods, . . ." Section 1253.4 in pertinent part provides that unemployment compensation benefits shall not be payable to classified employees "with respect to any week if any day of the week is within any school vacation, summer or special school session, recess or holiday (hereinafter referred to as 'recess period') and he is scheduled to return to work at the end of the recess period, . . ."

Appellant contends that the interpretation of the intent of the Legislature is in error, claiming that here appellant was not scheduled to return to work at the end of the recess period because she did not receive particulars of her employment by the date specified in the school district rule.

Rule 5520 of the school district provides in pertinent part: "A classification and employment notice shall be provided each member of the classified staff annually prior to July. . . ." This is simply a housekeeping rule designed to facilitate the conduct of administrative duties in an orderly fashion. If the employment of each member of the staff ended on June 13, there would be no "staff" after that date and the requirement that notices be sent to the "staff" prior to July 1 would be meaningless.

The failure of the school district to send out the notices prior to July 1 has no effect on the employment status of the members of the classified staff and did not and should not mean that appellant was not "scheduled to return to work" within the meaning of Unemployment Insurance Code section 1253.4. Appellant was in fact scheduled to return to work at the end of the recess period by action taken by the school board May 28, 1974. The minutes of the meeting of that date provide, "*Reappointment of the Classified Staff, 1974-75, as follows*: . . . Winters, Lynne. . . ." Section 1253.4 provides for the payment of benefits where a classified employee has not been *scheduled* to return to work. Section 1253.4 does not provide for the payment of benefits absent *notice* that the employee has been scheduled to return to work.

This interpretation of section 1253.4 would not cause any additional hardships to employees that may be laid off because of ever present budget problems faced by the state's public school districts. The Legislature has provided a means whereby employees may receive unemployment benefits if rather than being able to resume work at the commencement of the academic year as scheduled, they are in fact laid off. Section 1253.4 specifically provides that if the employee "is not returned to work at the end of the recess period, or is laid off within 30 working days thereafter, the department may reconsider any determination denying benefits and may pay benefits to him for any week in the recess period if he is otherwise eligible. . . ." However, if an employee receives no notification that he has been laid off prior to the end of a recess period, he may not apply for unemployment insurance benefits until the time he is actually laid off.

At the hearing before the referee, appellant testified that she inquired of the assistant principal at the school to which she had been assigned whether she would be returned to work in the fall and that he was unable to say whether she would or would not be returned. This answer did not justify appellant's assumption that she would not be returned. As a classified employee, she could be assigned to any of the schools in the district. Before concluding that she would not be returned she at least should have made inquiry of her employer (the administrators of the district).

Moreover, at the time of her hearing before the referee, appellant had been notified that she was scheduled to return to work for the 1974-1975 academic year. The referee would not have been justified to disregard the fact that by the time of the hearing appellant had received her notice.

Under the construction of section 1253.4, suggested by appellant, all members of the classified staff employed by the school district would automatically be entitled to receive benefits for about two weeks out of every year. Since the academic year ends about June 13 and the district is not required to mail notices until July 1, each member of the classified staff would theoretically be eligible for two weeks' unemployment insurance benefits.

2) *The evidence supports the findings of fact.*

The evidence amply supports the court's finding that appellant was scheduled to work and therefore was not entitled to unemployment insurance benefits. The only evidence offered by appellant to prove that she had not been so scheduled was the fact that she had not received a timely notice of the particulars of her employment. Case law construing the general purpose of unemployment insurance legislation does not affect the rulings here, nor is *Cal. Portland Cement Co.* v. *Cal. Unemp. Ins. Appeals Board* (1960) 178 Cal.App.2d 263 [3 Cal.Rptr. 37], applicable in that it applies only to the unemployed and appellant was employed. Nor is *Frates* v. *Burnett* (1970) 9 Cal.App.3d 63 [87 Cal.Rptr. 731] in point. There the employee was dismissed and the disciplinary proceedings did not comply with Education Code section 13583.

In the case at bench the school district's failure to timely notify appellant of the particulars of her assignment for the upcoming school year did not exempt her from the restrictions imposed by section 1253.4.

Moreover, appellant's timely return to work, pursuant to schedule, negatived any claim to receive benefits retroactively. The decision of the respondents and the court was correct.

Judgment affirmed.

Taylor, P. J., and Rouse, J., concurred.