[Civ. No. 28917. Fourth Dist., Div. One. Nov. 14, 1984.]

JOHN SANTOS, Plaintiff and Appellant, v.
CITY OF BRAWLEY et al., Defendants and Respondents.

**COUNSEL**

Silver, Kreisler, Goldwasser & Shaeffer, Charles A. Goldwasser and Stephen H. Silver for Plaintiff and Appellant.

Gray, Cary, Ames & Frye, Richard A. Paul and John A. Finley for Defendants and Respondents.

**OPINION**

**BROWN (Gerald), P. J.**—Plaintiff John Santos appeals an order sustaining without leave to amend the demurrer of defendants City of Brawley (City), Brawley City Council (Council) and Brawley City Manager Ken Knight to his petition for writ of mandate and to compel arbitration and denying as moot his motion for writ of mandate and to compel arbitration.

## I

The Council fired appointed Police Chief Santos "in the interest of and to restore overall harmony in City administration and within the police department." Asserting his right under Government Code section 3304, subdivision (b) to an administrative appeal of his termination, Santos asked the City for "impartial, final, and binding third-party arbitration" under City resolution 3176.

The City did not submit the matter to arbitration. Instead, the Council held a hearing on Santos' appeal. At the hearing Santos presented evidence about the disharmony assertedly underlying his dismissal; Santos also contended the hearing before the Council was legally inadequate. After hearing, the Council found Santos was employed at its pleasure and affirmed its decision to fire him.

## II

Santos petitioned the superior court for mandate and to compel arbitration. Seeking mandate under Code of Civil Procedure section 1085, Santos alleged in his first cause of action: Fired from his job as a permanent sworn police officer, Santos was entitled to an administrative appeal under the Public Safety Officers Procedural Bill of Rights Act (Gov. Code, § 3300 et seq.); as a person regularly employed by the City, Santos was entitled to a full and fair evidentiary hearing before an impartial arbitrator under the City's grievance procedure; despite his requests, the City did not give Santos such hearing before an impartial arbitrator; and without a writ of mandate ordering such arbitration hearing Santos would be deprived of his property, liberty and statutory and contractual vested fundamental rights without due process of law. Seeking arbitration under Code of Civil Procedure section 1280 et seq., Santos' second cause of action alleged as a term and condition of his employment the City's grievance procedure was an agreement to arbitrate his dismissal. Seeking administrative mandate under Code of Civil Procedure section 1094.5, Santos alleged in his third cause of action: The Council's decision after hearing affirming his termination was not a final administrative decision because the City was still required to submit the matter to arbitration under the City's grievance procedure; however, if such decision was a final administrative decision, the Council denied Santos due process by reviewing its own decision to terminate him instead of having an unbiased decisionmaker conduct an adjudicatory hearing; and the Council prejudicially abused its discretion by making improper rulings at the hearing.

## III

After Santos noticed motions for a writ of mandate on his first cause of action and to compel arbitration, defendants demurred to Santos' petition, contending Santos did not plead sufficient facts to state any cause of action. Defendants asserted Government Code sections 36505 and 36506 and the separation of powers doctrine barred Santos' petition; the parties had no written agreement to arbitrate; and Santos was entitled to no hearing other than his administrative appeal before the Council.

After hearing the court found: Santos served at the Council's pleasure under Government Code sections 36505 and 36506; the Council had the right to appoint and remove Santos; and Santos' hearing before the Council satisfied the requirements of due process and Government Code section 3300 et seq. The court further found: Santos' first cause of action for mandate did not state a cause of action because "no hearing beyond that given was required by law"; Santos' second cause of action for arbitration did not state a cause of action because Santos served at the Council's pleasure and the City's ordinances did not entitle him to arbitrate his discharge; and Santos' third cause of action for administrative mandate did not state a cause of action because Santos' hearing before the Council "satisfied all requirements of due process and other applicable laws."

The court sustained without leave to amend defendants' demurrer to all three causes of action asserted by Santos. The court denied as moot Santos' motions for a writ of mandate on his first cause of action and to compel arbitration. Santos appeals.

## IV

Under Government Code section 45001, a city's legislative body may establish a personnel system for the "selection, employment, classification, advancement, suspension, discharge, and retirement of appointive officers and employees."

In September 1970 the City adopted resolution 3161 entitled "Employer-Employee Relations Resolution of the City of Brawley." Resolution 3161, section 3(D), defines "employee" as "any person regularly employed by the City except those persons elected by popular vote." Under resolution 3161, section 5, the City retains management rights including "the suspension, demotion, discharge, or lay-off of employees for disciplinary or other legitimate reasons." Resolution 3161, section 14(A), defines "grievance" as "any dispute concerning the interpretation or application of this resolution, or of rules or regulations governing personnel practices or working

conditions, or of the practical consequences of a City rights' decision on wages, hours and other terms and conditions of employment." Resolution 3161, section 14(B), reads: "Grievances shall be processed in accordance with procedures established by the City."

In May 1971, in accord with resolution 3161, section 14, the City adopted resolution 3176 establishing a procedure for processing and resolving grievances. The Council adopted resolution 3176 "to implement a grievance procedure available to all City employees to seek adjustment of grievances arising out of their employment relations." Resolution 3176, section I, defines "grievance" as an employee's written complaint about the "application or interpretation of personnel ordinances, resolutions, rules, regulations, policies, practices, procedures or memoranda of understanding affecting the working conditions of City employees, including, but not limited to matters regarding suspensions, demotions, dismissals, promotions and departmental discipline." Under resolution 3176, section IV(B), an objective of the grievance procedure is providing "an orderly procedure to handle the grievance, through each level of supervision if necessary, with final decision vested in an impartial third party." Under resolution 3176, section VII, if the City administrator's decision does not resolve the grievance to the grievant's satisfaction, the grievant may appeal to an impartial arbitrator selected by the parties.

## V

Asserting he was entitled to an arbitration hearing under the City's grievance procedure, Santos contends the court should have enforced the grievance procedure under Code of Civil Procedure section 1281.2 as a written agreement to arbitrate his dismissal. By adopting the grievance procedure, the Council agreed to submit to arbitration matters concerning a nonelected employee's dismissal. Once the Council adopted such grievance procedure for its employees, the Council could properly exercise its power to dismiss an employee only in conformity with the grievance procedure. (See *Baumgardner* v. *City of Hawthorne* (1951) 104 Cal.App.2d 512, 517 [231 P.2d 864]; see also *Healdsburg Police Officers Assn.* v. *City of Healdsburg* (1976) 57 Cal.App.3d 444, 450-455 [129 Cal.Rptr. 216].) In his petition Santos alleged the City's grievance procedure for nonelected City employees was one of the terms and conditions of his employment with the City. (See *Frates* v. *Burnett* (1970) 9 Cal.App.3d 63, 69 [87 Cal.Rptr. 731].) Given the plain meaning of resolutions 3161 and 3176, Santos' petition adequately states a prima facie case he is entitled to an arbitration hearing about his dismissal. The court erred in ruling as a matter of law Santos was not entitled to arbitration. The court should have overruled defendants' demurrer.

The order is reversed.

Staniforth, J., and Gamer, J.,* concurred.