[No. F012166. Fifth Dist. Oct. 5, 1990.]

BUD GRAY et al., Plaintiffs and Appellants, v.
CITY OF GUSTINE et al., Defendants and Respondents.

[Opinion certified for partial publication.*]

---

* Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part III.

COUNSEL

Carroll, Burdick & McDonough, Gary M. Messing, Cathleen A. Williams and Christopher D. Burdick for Plaintiffs and Appellants.

Francis R. Ruggieri, City Attorney, for Defendants and Respondents.

## OPINION

**BAXTER, Acting P. J.—**

### FACTS AND PROCEEDINGS BELOW

Bud Gray appeals from a superior court judgment denying his petition for a writ of mandate to compel the City of Gustine (Gustine) et al., to provide him an administrative appeal pursuant to Government Code[1] section 3304, subdivision (b), a part of the Public Safety Officers Procedural Bill of Rights Act. The appeal of the Gustine Police Officers Association (GPOA) is separately addressed in the unpublished part of this opinion.

Gray commenced employment as a lieutenant on Gustine's police department in 1979. He was promoted to police chief on March 17, 1987, received a salary increase, and served at the pleasure of the city manager. Gray's status as police chief was terminated by City Manager Earl Wilson on January 17, 1988. Gray was reinstated to his lower-paying former position of lieutenant. Wilson testified this "reassignment" was due "to a lack of full confidence in [his] performance" as police chief.

---

[1] All statutory references are to the Government Code unless otherwise indicated.

Gray sent Wilson a memorandum dated January 26, 1988, requesting an administrative appeal under section 3304, subdivision (b). The statute provides, in pertinent part: "(b) No punitive action . . . shall be undertaken by any public agency without providing the public safety officer with an opportunity for administrative appeal."

Wilson responded by letter dated March 2, 1988, proposing he conduct a hearing. Wilson proposed that Gray could be represented by anyone he chose. Gray could submit any oral or written material to Wilson. Wilson would hear Gray's case and make a recommendation to the city council concerning Gray's reinstatement as police chief.

Gray's attorney rejected the hearing proposed because of Wilson's involvement in the personnel action taken, and reiterated Gray's request for a section 3304, subdivision (b) administrative appeal. Wilson rejected the request. Gray petitioned the superior court for a writ of mandate to compel the requested administrative appeal.

The court conducted a hearing and denied Gray's petition, concluding he served at the pleasure of the city manager under Gustine Ordinance No. 291 and thus was not entitled to an administrative appeal. The court made the following specific finding: "Contrary to the assertion of petitioner[,] there is nothing in the record that a vote of the City Council was taken to either appoint or remove petitioner as Chief, but only that his status was discussed in executive session before the City Manager acted."

Gray filed a timely notice of appeal.

DISCUSSION

I.

THE PUBLIC SAFETY OFFICERS PROCEDURAL BILL OF RIGHTS ACT<br>(§ 3300 ET SEQ.) APPLIES TO POLICE CHIEFS.

The Public Safety Officers Procedural Bill of Rights Act (Act) provides in substance that all public safety officers shall have the following rights: To engage in political activity while off duty and out of uniform or to abstain from such activity (§ 3302, subd. (a)); to seek election to a school board (§ 3302, subd. (b)); that interrogations of officers under investigation be conducted in the manner indicated (§ 3303); to not be subject to punitive action or denied promotion because of the lawful exercise of the rights granted under the Act and have the opportunity of an administrative appeal (§ 3304); that no adverse comment shall be placed in an officer's personnel

file unless the officer is given the opportunity to read and sign the instrument containing the adverse comment (§ 3305); that the affected officer shall have 30 days in which to respond to such adverse comments (§ 3306); to not be compelled to submit to a polygraph examination (§ 3307); to not be required to make financial disclosures, with certain specified exceptions (§ 3308); and that an officer's locker shall not be searched except under specified circumstances (§ 3309).

■ Gustine contends Gray is not entitled to an administrative appeal under section 3304, subdivision (b) because the Act is not applicable to police chiefs. We first examine relevant language of the Act.

The legislative findings and declaration supporting the Act are contained in section 3301, which provides in pertinent part: "The Legislature hereby finds and declares that the rights and protections provided to peace officers under this chapter constitute a matter of statewide concern. The Legislature further finds and declares that effective law enforcement depends upon the maintenance of stable employer-employee relations, between public safety employees and their employers. In order to assure that such stable relations are continued throughout the state and to further assure that effective services are provided to all people of the state, it is necessary that this chapter be *applicable to all public safety officers*, as defined in this section, wherever situated within the State of California." (Italics added.)

Since the Act is expressly applicable to "all public safety officers" (§ 3301), we must determine whether a police chief is encompassed by the definition of that term. The first sentence of section 3301 expressly provides that the term "public safety officer" includes all peace officers as defined in Penal Code section 830.1. Penal Code section 830.1, subdivision (a) includes in its definition of peace officers, "[A]ny police officer of a city, . . ." Obviously, a chief of police is a police officer of a city. "The police department of a city is under the control of the chief of police." (§ 38630.) A police chief is the chief police officer of the city. (See §§ 41601, 41602, and 41603.) We are unable to discern any legislative intent to exclude police chiefs from the Act. Conversely, the broad statutory definition given to "public safety officers" leads us to conclude that the Legislature intended police chiefs to be included within the Act and entitled to its protection.

The issue of whether a police chief is entitled to the protection of the Act has not been squarely addressed by the appellate courts or the Supreme Court of our state. However, dictum in *Doyle* v. *City of Chino* (1981) 117 Cal.App.3d 673 [172 Cal.Rptr. 844] supports our conclusion that police chiefs are encompassed by the Act: "Chino did question below whether the position of police chief fell within the meaning of 'public safety officer'

however. On appeal they all but concede he is a public safety officer, and it would appear to us that such a position falls within the definition set forth in Government Code section 3301. That section provides that a ' "public safety officer" means all peace officers, as defined in Section 830.1 and subdivisions (a) and (b) of Section 830.2 of the Penal Code, including peace officers who are employees of a charter city or county.' " (117 Cal.App.3d at pp. 678-679, fn. 3.)

In 1980 the Attorney General opined that the Act is applicable to police chiefs. (63 Ops.Cal.Atty.Gen. 829 (1980).) Notwithstanding this published opinion, the Legislature has not amended the Act to exclude police chiefs from its coverage.

We recognize that the dictum in *Doyle* and the published opinion of the Attorney General are not controlling. Nevertheless, we consider them highly persuasive. (9 Witkin, Cal. Procedure (3d ed. 1985) § 785, p. 756.)

Gustine's reliance on *Bell* v. *Duffy* (1980) 111 Cal.App.3d 643 [168 Cal.Rptr. 753] is misplaced. *Bell* simply holds that a temporarily employed extra help jail guard is statutorily ineligible for the Act's protection because he is not a "regularly employed" (§ 830.1) peace officer. Bell's failure to meet the statutory definition of "public safety officer" (§ 3301) precluded coverage under the Act. (111 Cal.App.3d at pp. 648-649.) *Bell* is inapplicable here because the evidence is uncontroverted that Gray was regularly employed as Gustine's police chief.

We conclude police chiefs are encompassed by the Act and entitled to its protection.

## II.

### THE COURT ERRED IN CONCLUDING GRAY HAD NO RIGHT TO AN ADMINISTRATIVE APPEAL UNDER SECTION 3304, SUBDIVISION (b).

#### A. *Gray's demotion and reduction in salary are "punitive action."*

■ Having concluded that police chiefs are covered by the Act, Gray's potential entitlement to an administrative appeal is based on section 3304, subdivision (b). It provides: "(b) No punitive action . . . shall be undertaken by any public agency without providing the public safety officer with an opportunity for administrative appeal."

The Act defines punitive action "as any action which may lead to dismissal, demotion, suspension, reduction in salary, written reprimand, or

transfer for purposes of punishment." (§ 3303.) Our threshold inquiry is whether this statutory definition was met through the action taken against Gray. In *White* v. *County of Sacramento* (1982) 31 Cal.3d 676, 679-684 [183 Cal.Rptr. 520, 646 P.2d 191], the California Supreme Court held the reassignment of a peace officer to a lower-paying position is per se punitive in nature. (Also see *Henneberque* v. *City of Culver City* (1983) 147 Cal.App.3d 250, 254 [194 Cal.Rptr. 869].) The high court rejected a construction of section 3303 that would have limited "punitive" acts to action made solely "for purposes of delay." *White*'s definition of "punitive" has been applied to charter cities, such as Gustine, as well as to counties. (*Baggett* v. *Gates* (1982) 32 Cal.3d 128, 140-141 [185 Cal.Rptr. 232, 649 P.2d 874].)

The "reassignment" of Gray from police chief to the lower-paying former position of lieutenant is more accurately described as a demotion and reduction in salary. His status, responsibility, and income were reduced. To contend the action was not punitive as defined by section 3303 is to deny the obvious. (*Doyle* v. *City of Chino, supra*, 117 Cal.App.3d 673, 678-681.) Nevertheless, Gustine denies the action was punitive because its police chief serves at the pleasure of the city manager and is terminable without cause.

B.  *Gray is not deprived of an administrative appeal simply because the police chief serves at the pleasure of the city manager.*

■■■  The foundation of Gustine's argument is that an administrative appeal under section 3304, subdivision (b) contradicts the city manager's right to terminate the chief's employment without cause. As we shall explain, the concepts are not mutually exclusive. The Act does not purport to limit the right of an administrative appeal to peace officers who are terminable only with cause; nor does it purport to deny that right to pleasure appointees who are terminable without cause. To exclude an administrative appeal from a police chief serving at the pleasure of a city manager requires an amendment to the plain words of the Act. Any such exclusion is an issue better addressed by the Legislature.

■■■  Generally, a public employee who serves at the pleasure of an appointing authority may be terminated without cause, without notice and without a hearing. (*Healdsburg Police Officers Assn.* v. *City of Healdsburg* (1976) 57 Cal.App.3d 444, 450 [129 Cal.Rptr. 216] [questioned on other grounds in *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 181, fn. 9 (203 Cal.Rptr. 626, 681 P.2d 893)].) However, there are exceptions to this general rule. Employees serving at the pleasure of an appointing authority cannot be dismissed from employment for exercising First and Fourteenth Amendment rights unless the restraints on the exercise of their constitutional rights are justified by a compelling state interest. (*Bishop* v.

*Wood* (1976) 426 U.S. 341, 350 [48 L.Ed.2d 684, 693, 96 S.Ct. 2074]; *Bogacki* v. *Board of Supervisors* (1971) 5 Cal.3d 771, 778-779 [97 Cal.Rptr. 657, 489 P.2d 537].) Public employees cannot be dismissed for exercising their statutory right to join and participate in an employee organization without being afforded a hearing. (*Healdsburg Police Officers Assn.* v. *City of Healdsburg, supra,* 57 Cal.App.3d 444, 450 [questioned on unrelated grounds in *Palma* v. *U.S. Industrial Fasteners, Inc., supra,* 36 Cal.3d 171, 181, fn. 9]; *Ball* v. *City Council* (1967) 252 Cal.App.2d 136, 142-144 [60 Cal.Rptr. 139].)

The right to a hearing may be founded on the presence of personnel rules, regulations, understandings, or practices carried out by agency officials. (*Perry* v. *Sindermann* (1972) 408 U.S. 593, 602 [33 L.Ed.2d 570, 580, 92 S.Ct. 2694]; *Santos* v. *City of Brawley* (1984) 162 Cal.App.3d 203, 207 [208 Cal.Rptr. 297]; *Healdsburg Police Officers Assn.* v. *City of Healdsburg, supra,* 57 Cal.App.3d 444, 450 [questioned on unrelated grounds in *Palma* v. *U.S. Industrial Fasteners, Inc., supra,* 36 Cal.3d 171, 181, fn. 9]; *Perea* v. *Fales* (1974) 39 Cal.App.3d 939, 941-942 [114 Cal.Rptr. 808].) ▮ In the instant case, Gray's entitlement to an administrative appeal is based on statute, specifically section 3304, subdivision (b) of the Act.

▮ A public employee's right to a hearing may arise where a termination or demotion is based on charges of misconduct which cause stigma to one's reputation or which impair one's ability to earn a living. (*Paul* v. *Davis* (1976) 424 U.S. 693, 701-702, 710 [47 L.Ed.2d 405, 413-414, 419, 96 S.Ct. 1155]; *Board of Regents* v. *Roth* (1972) 408 U.S. 564, 573 [33 L.Ed.2d 548, 558-559, 92 S.Ct. 2701]; *Lubey* v. *City and County of San Francisco* (1979) 98 Cal.App.3d 340, 346 [159 Cal.Rptr. 440].) Deprivation of a liberty interest entitles the employee to an opportunity to refute the charge and to clear his or her name. The right to a hearing under such circumstances is a remedy mandated by the due process clause of the Fourteenth Amendment. (*Codd* v. *Velger* (1977) 429 U.S. 624, 627 [51 L.Ed.2d 92, 96, 97 S.Ct. 882].)

Gustine relies on *Swift* v. *County of Placer* (1984) 153 Cal.App.3d 209 [200 Cal.Rptr. 181] to support its contention that termination of a peace officer terminable without cause is not "punitive action" triggering the "administrative appeal" under section 3304, subdivision (b). As we shall explain, *Swift* is distinguishable.

Swift was employed as a civil service correctional officer with the Placer County Sheriff's Department. He was later appointed deputy sheriff and was subject to a 12-month probation period under civil service rules. He received a notice of rejection during probation. The trial court ruled he was entitled to an administrative hearing pursuant to section 3304, subdivision

(b). The Court of Appeal, Third Appellate District, reversed and held: "Bare rejection during an initial hiring probation is not 'punitive action' which triggers the 'administrative appeal' right provided by section 3304, subdivision (b) . . . ." (153 Cal.App.3d at p. 216.)

The court's reasons were succinctly stated: "The absence of 'rejection during probation' from the types of personnel actions listed as 'punitive action' in section 3303 is highly pertinent. Rejection during probation is a discrete variety of personnel action recognized in the State Civil Service Act. (See § 19173.) The absence of such a recognized variety of personnel action from the list in section 3303 and from the comparable provision of the State Civil Service Act strongly suggests that the right to an administrative appeal provided by section 3304 does not apply. [Citation.]" (153 Cal.App.3d at pp. 216-217, fn. omitted.)

The absence of "rejection during probation" from the list of personnel actions in section 3303 may support the conclusion in *Swift* that the County of Placer's action against a civil service peace officer was not punitive. However, the absence of that term is irrelevant under *Swift*'s reasoning when the peace officer does not occupy a civil service position. In the instant case, the police chief of Gustine is not a civil service position. The critical issue is whether the action taken resulted in a demotion or reduction in salary and thus was punitive action entitling Gray to an administrative appeal under section 3304, subdivision (b).

A probationary police officer terminable without cause is covered by the Act and entitled to an administrative appeal after termination. (*Barnes* v. *Personnel Department* (1978) 87 Cal.App.3d 502, 504 [151 Cal.Rptr. 94].) Gustine's contention that Gray's terminable at-will status automatically precludes any right to an administrative appeal under the Act was previously addressed in *Barnes*. "Just because the . . . Act provides certain procedural safeguards and allows a probationary employee to establish a formal record of the circumstance surrounding his termination does not mean City cannot terminate its probationary peace officers without cause." (*Id.* at pp. 505-506.)

In *Browning* v. *Block* (1985) 175 Cal.App.3d 423 [220 Cal.Rptr. 763], a probationary deputy sheriff who was terminable at will was discharged for emotional instability based on reports of attempted suicide. He was entitled to an administrative appeal under the Act. In addition to establishing the formal record noted in *Barnes*, *supra*, the court articulated another reason why a peace officer terminable without cause is not automatically denied an administrative appeal under the Act. "Also inherent in the right to appeal

provided for in section 3304 would be the opportunity for the employee to attempt to convince the employing agency to reverse its decision, either by demonstrating the falsity of charges which led to punitive action, or through proof of mitigating circumstances." (*Id.* at p. 430.)

We conclude that Gray's demotion and reduction in salary constitute punitive action under the Act triggering his right to an administrative appeal under section 3304, subdivision (b). Our conclusion is supported by the plain language of the Act and by the policy considerations set forth in *Barnes* v. *Personnel Department, supra,* 87 Cal.App.3d 502, 505-506 and *Browning* v. *Block, supra,* 175 Cal.App.3d 423, 430. Those considerations apply whether the peace officer's employment is terminable with or without cause. The Legislature had a rational basis not to exclude pleasure appointees from those peace officers entitled to an administrative appeal under the Act. We reasonably assume it did so deliberately.

C. *The administrative appeal offered was inadequate.*

We now focus on whether Gray was provided "with an opportunity for administrative appeal" as required by section 3304, subdivision (b).

In response to Gray's request for such an appeal, the city manager corresponded, in pertinent part: "I will set up a procedure in which you will have an opportunity to be represented by an individual of your choice and this meeting may be tape recorded. You will have an opportunity to express to me why it is you feel you should be returned to the position of Police Chief with the City of Gustine. I will listen to all of the information which you provide to me and I will make a recommendation to the City Council as to whether or not you should be reinstated into the position of Police Chief. At this meeting, you will have the opportunity to present any oral or written material which you have to support your position that you should not have been removed from your position as Chief."

Gray's counsel objected to the administrative appeal proposed because of the absence of a neutral fact finder.

The administrative appeal offered by the city manager was clearly inadequate and failed to comport with the fair hearing aspect of due process. The city manager exercised the punitive action against Gray and was embroiled in the controversy. (*Doyle* v. *City of Chino, supra,* 117 Cal.App.3d 673, 681-682.) Due process requires that the hearing judge or judges be impartial.

(*American Isuzu Motors, Inc.* v. *New Motor Vehicle Bd.* (1986) 186 Cal.App.3d 464, 472-473 [230 Cal.Rptr. 769].) Gray is entitled to have his case heard by a neutral arbiter. A biased decision maker conducting either judicial or administrative hearings is constitutionally unacceptable. (*Withrow* v. *Larkin* (1975) 421 U.S. 35, 46-47 [43 L.Ed.2d 712, 723, 95 S.Ct. 1456].)

■ Gray further alleges that the city council is prejudiced against him and that it cannot conduct an impartial hearing. Bias and prejudice are not implied and must be clearly established. A party's unilateral perception of bias cannot alone serve as a basis for disqualification. Prejudice must be shown against a particular party and it must be significant enough to impair the adjudicator's impartiality. The challenge to the fairness of the adjudicator must set forth concrete facts demonstrating bias or prejudice. (*Andrews* v. *Agricultural Labor Relations Bd.* (1981) 28 Cal.3d 781, 792 [171 Cal.Rptr. 590, 623 P.2d 151].) In *Doyle*, the court found that the city council was the appropriate body to hear the police chief's appeal. (117 Cal.App.3d 673, 682-684.)

Gray has thus far failed to establish good cause to recuse the city council. The fact that members of the city council heard evidence of the city manager's investigation of Gray does not alone establish bias. Under Code of Civil Procedure section 170.1, subdivision (a)(1), a judge must be disqualified if the judge "has personal knowledge of disputed evidentiary facts concerning the proceeding." Though this section and Code of Civil Procedure sections 170.2 through 170.4 have been written for state court judges, the California Supreme Court in *Andrews* held that these sections should apply to administrative hearing officers as well. (28 Cal.3d 781, 793, fn. 5.) *Andrews* equates administrative judges with judicial officers. (*Id.* at p. 794.) Courts of Appeal have also applied these sections of the Code of Civil Procedure to administrative judges. (*American Isuzu Motors, Inc.* v. *New Motor Vehicle Bd.*, *supra*, 186 Cal.App.3d 464, 472-473; *United Farm Workers of America* v. *Superior Court* (1985) 170 Cal.App.3d 97, 103-104 [216 Cal.Rptr. 4].)

■ The administrative appeal offered by Gustine through its city manager was clearly inadequate and denied Gray the right to a fair hearing. Since this was the only administrative appeal offered, Gray's rejection cannot be considered a waiver of the opportunity provided by section 3304, subdivision (b).

## III.

### Gustine Did Not Violate the Meet and Confer Requirement of the Meyers-Milias-Brown Act.*

．　．　．　．　．　．　．　．　．　．　．　．　．　．　．　．　．　．　．　．　．

### Disposition

The judgment is reversed in part and affirmed in part. The judgment against Bud Gray is reversed, and the matter is remanded for further proceedings in accordance with the views expressed herein. The judgment against Gustine Police Officers Association is affirmed. The parties shall bear their own costs on appeal.

Dibiaso, J., and Thaxter, J., concurred.

Respondents' petition for review by the Supreme Court was denied December 20, 1990.

---

*See footnote, *ante*, page 621.