[No. C008159. Third Dist. Jan. 18, 1991.]

STEVEN STANTON, Plaintiff and Appellant, v.
CITY OF WEST SACRAMENTO et al., Defendants and
Respondents.

COUNSEL

Mastagni, Holstedt & Chiurazzi and Mark R. Kruger for Plaintiff and Appellant.

Kronick, Moskovitz, Tiedemann & Girard and Philip A. Wright for Defendants and Respondents.

OPINION

DeCRISTOFORO, J.*—Plaintiff Steven Stanton, a police officer employed by defendant City of West Sacramento (the City) appeals from the denial of his petition for a writ of mandamus by the Yolo County Superior Court. Plaintiff, who had been issued a written reprimand by the City, contends that the West Sacramento Police Department's (the Department) appeals procedure denied him due process. We shall affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a police officer, was disciplined by the Department for discharging a weapon in violation of departmental rules. Initially, plaintiff received notification that an internal affairs investigation into the matter was being conducted. An interview between plaintiff and Lieutenant Muramoto of the department took place, followed by a written reprimand signed by Muramoto.

Plaintiff appealed pursuant to the appeals process outlined in the memorandum of understanding (MOU) negotiated between the City and the West Sacramento Police Officers Association (the Association). The MOU states: "Section 22.6.4 A written reprimand issued by a supervisor shall be appealable only to the Chief of Police. A written reprimand issued by the Chief of Police shall be appealable only to the Appointing Authority or his/her designee. Appeal of written reprimands are excluded from the below appeal procedure for disciplinary actions." Plaintiff appealed to the Police Chief Kalar, who held a hearing in which plaintiff, represented by counsel, had an

---

* Assigned by the Chairperson of the Judicial Council.

opportunity to present evidence in his behalf. Subsequently, Chief Kalar upheld the written reprimand and denied the appeal.

Plaintiff filed a petition for writ of mandamus pursuant to Code of Civil Procedure section 1085 in Yolo County Superior Court. The Superior Court issued an alternative writ of mandate, directing the City to provide plaintiff with an administrative appeal pursuant to City personnel rule 4.14 and the MOU or to show cause why the City has not done so. City personnel rule 4.14 provides that an employee, after disciplinary action may request that the matter be submitted to an arbitrator.[1]

Following a hearing (not recorded by a court reporter), the superior court found that an appeal to the chief of police satisfies the requirement of Government Code section 3304 subdivision (b) that "[n]o punitive action . . . shall be undertaken by any public agency without providing the public safety officer with an opportunity for administrative appeal." The court, finding the appeal to the chief of police constitutes an appeal within the meaning of Government Code section 3304 subdivision (b), denied plaintiff's writ.

Plaintiff filed a timely notice of appeal.

I. *Procedural Due Process Rights.*

■ Plaintiff argues the procedure for appeal of disciplinary actions under the MOU conflicts with the due process rights outlined by the Supreme Court in *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774].

In *Skelly* the court held a public employee who achieves the status of permanent employee has a property interest in the continuation of that employment. The court found due process mandates the employee be accorded certain procedural rights before the employer takes punitive action. "As a minimum, these preremoval safeguards must include notice of the proposed action, the reasons therefor, a copy of the charges and materials upon which the action is based, and the right to respond, either orally or in writing, to the authority initially imposing discipline." (15 Cal.3d at p. 215.)

---

[1] Rule 4.14 states: "The employee after service of an order of disciplinary action may request that the matter be submitted to an arbitrator as provided in the following sections. A written request for an appeal must be served on the Employee Relations Officer or his/her representative within ten (10) calendar days. Following receipt of the order [of] discipline, the demand for a hearing shall include: [¶] (a) Specific grounds for review; [¶] (b) Copies of materials on which the appeal is based."

Plaintiff contends he was deprived of his due process rights under *Skelly* because the meeting with Police Chief Kalar took place *after* issuance of the written reprimand. *Skelly*, as plaintiff points out, requires a *predisciplinary* hearing.

Plaintiff advances two theories: (1) the meeting between plaintiff and Chief Kalar, by taking place after the Department issued the written reprimand, failed to provide plaintiff with his rights under *Skelly*; or (2) the meeting with Chief Kalar constituted a predisciplinary hearing under *Skelly*, in which case plaintiff is still entitled to an appropriate administrative appeal pursuant to Government Code section 3304, subdivision (b).

We disagree. As the City notes, no authority supports plaintiff's underlying assertion that issuance of a written reprimand triggers the due process safeguards outlined in *Skelly*. Courts have required adherence to *Skelly* in cases in which an employee is demoted (*Ng v. State Personnel Bd.* (1977) 68 Cal.App.3d 600, 606 [137 Cal.Rptr. 387]); suspended without pay (*Civil Service Assn.* v. *City and County of San Francisco* (1978) 22 Cal.3d 552, 558-560 [150 Cal.Rptr. 129, 586 P.2d 162]); or dismissed (*Chang* v. *City of Palos Verdes Estates* (1979) 98 Cal.App.3d 557, 563 [159 Cal.Rptr. 630]). We find no authority mandating adherence to *Skelly* when a written reprimand is issued.

We see no justification for extending *Skelly* to situations involving written reprimands. Demotion, suspension and dismissal all involve depriving the public employee of pay or benefits; a written reprimand results in no such loss to the employee.

Moreover, Government Code section 3300 et seq., the Public Safety Officers Procedural Bill of Rights Act, provides police officers who are disciplined by their departments with procedural safeguards. Section 3304, subdivision (b) states no punitive action may be taken by a public agency against a public safety officer without providing the officer with an opportunity for administrative appeal. Punitive action includes written reprimands. (Gov. Code § 3303.) Even without the protections afforded by *Skelly*, plaintiff's procedural due process rights, following a written reprimand, are protected by the appeals process mandated by Government Code section 3304, subdivision (b).

II. *Compliance With Government Code Section 3304, Subdivision (b).*

 Plaintiff argues the MOU, agreed to by the Association and the Department, fails to provide an appropriate administrative appeal as required by Government Code section 3304, subdivision (b).

■ At the outset, we note the procedural details of an administrative appeal required by section 3304, subdivision (b) are to be formulated by the local agency. (*Browning* v. *Block* (1985) 175 Cal.App.3d 423, 429 [220 Cal.Rptr. 763].) The MOU defendant attacks was negotiated between the Association and the Department. The agreement establishes the procedural details for administrative appeals within the Department. Under the MOU, the chief of police hears administrative appeals brought by officers against whom a written reprimand has been filed. In addition, if a written reprimand is issued by the chief of police, the officer reprimanded may appeal to the appointing authority.

Here, plaintiff received a written reprimand from Lieutenant Muramoto. The reprimand followed an interview between Muramoto and plaintiff. Plaintiff appealed the written reprimand to Chief Kalar, and Chief Kalar provided plaintiff with an administrative appeal. In this appeal, plaintiff, represented by counsel, was provided with an opportunity to present evidence and argue his case. This procedure complies with requirements set forth in the MOU.

■ However, plaintiff contends an appeal to the chief of police does not provide an "independent re-examination" as required by an administrative appeal. (*Doyle* v. *City of Chino* (1981) 117 Cal.App.3d 673, 679 [172 Cal.Rptr. 844].)

Again, we disagree. Nowhere does plaintiff allege Chief Kalar was involved in any way in the internal investigation which lead to the written reprimand. Another officer, Lieutenant Muramoto, conducted the investigation and issued the reprimand. Chief Kalar reviewed Muramoto's decision and allowed plaintiff and his counsel an opportunity to present evidence and set forth arguments in his behalf. We find this procedure provided plaintiff with an administrative appeal " 'before a reasonably impartial, noninvolved reviewer. . . .' " (*Civil Service Assn.* v. *Redevelopment Agency* (1985) 166 Cal.App.3d 1222, 1227 [213 Cal.Rptr. 1], citation omitted.)[2] The appeals process as set forth in the MOU, and complied with by the City in the present case, satisfies the requirement that no punitive action may be taken without providing an administrative appeal, as codified in Government Code section 3304, subdivision (b).

---

[2] Plaintiff directs our attention to the recent case of *Gray* v. *City of Gustine* (1990) 224 Cal.App.3d 621 [273 Cal.Rptr. 730], in which the Fifth District Court of Appeal found an administrative appeal inadequate. However, in *Gray* the administrative appeal was to be heard by the city manager, who had brought the underlying punitive action against the plaintiff. The *Gray* court found the city manager was *not* an impartial judge. (*Id.* at pp. 631-632.) In the present case Chief Kalar was not involved in the events leading to the written reprimand.

## DISPOSITION

The judgment is affirmed. The City is awarded costs on appeal.

Marler, Acting P. J., and Scotland, J., concurred.